```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

AURELIA MONTALVO AND HECTOR MONTALVO                       PLAINTIFFS

VS.                          CIVIL ACTION NO. 5:23-cv-00013-DCB-BWR

STATE FARM FIRE AND CASUALTY COMPANY                         DEFENDANT


                    MEMORANDUM OPINION AND ORDER


     THIS MATTER is before the Court on Defendant State Farm Fire and Casualty Company ("Defendant")'s Motion To Strike or Prohibit the Testimony of Michael Gurtler and Joseph Rickett [ECF No. 26]; and on Defendant's Motion for Summary Judgment [ECF No. 28].  This case arises from a storm damage claim that Aurelia Montalvo and Hector Montalvo (collectively, "Plaintiffs") filed under their State Farm Homeowners Policy. [ECF No. 1-1].  Much of the parties' dispute concerns a disagreement over the extent of storm damage to a slate roof on the insured property.  The parties also dispute whether eleven exterior windows, which Plaintiffs replaced allegedly before Defendant adjusted the claim, were storm damaged.  [ECF No. 29] at 2; [ECF No. 35] at 10.

     Plaintiffs' experts opined that the entire roof was damaged in Hurricane Ida and must be replaced.  [ECF No. 33] at 3-9. Plaintiffs' consultants estimated replacement cost value on the

                                 1

roof alone to be $187,115.80.  [ECF No. 26-6] at 3.  In contrast, Defendant and its designated engineer found storm damage to less than twenty slate roof tiles.  [ECF No. 27] at 1.  Defendant's estimate to cover all interior and exterior damage (including the roof) amounted to $5,194.19.  Id. at 2.  Subtracting the policy deductible of $4,462.00, Defendant issued payment to Plaintiffs in the amount of $511.18.  Id.

Defendant now asks the Court to prohibit Plaintiffs' experts, Michael Gurtler and registered engineer Joseph Rickett, from testifying at the trial of this case.  Id.  Defendant also moves for summary judgment [ECF No. 28] on the grounds that, if the Court excludes the experts' testimony, Plaintiff has no proof, and Defendant is entitled to summary judgment on all claims.  [ECF No. 29] at 1-2, 6.  Having reviewed the parties' submissions and applicable law, the Court finds that both motions should be denied at this time.

## I.
## MOTION TO STRIKE

Defendant's Motion to Strike [ECF No. 26] presents the Court with matters concerning the admissibility of expert witness testimony.  "Before certifying an expert and admitting his testimony, a district court must ensure that the requirements of Federal Rule of Evidence 702 have been met."

Roman v. Western Mfg., Inc., 691 F.3d 686, 692 (5th Cir.2012) (citations omitted).

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 702 reflects the United States Supreme Court's decision in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny, e.g., Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), wherein the Supreme Court charged trial courts with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.  Daubert, 509 U.S. at 597 (" … the Rules of Evidence—especially Rule 702— do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is

3

relevant to the task at hand."). In short, to be admissible, expert testimony must be relevant and reliable. Id.

In Kumho Tire, the Supreme Court concluded that Daubert's general holding — setting forth the trial judge's general "gatekeeping" obligation — applies to the testimony of engineers and other experts who are not scientists, such as Plaintiffs' experts in this case. Kumho Tire, 526 U.S. at 141. The Supreme Court also concluded that trial courts may consider the more specific factors mentioned in Daubert (i.e., "testing, peer review, error rates, and 'acceptability' in the relevant scientific community") when considering an engineer's expert testimony, but that "the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Id.; see also Hathaway v. Bazany, 507 F.3d 312, 318 (5th Cir. 2007) ("These factors are not mandatory or exclusive; the district court must decide whether the factors discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered."). In sum, district courts are afforded broad latitude when making reliability determinations, including latitude in deciding whether or when special briefing or other proceedings are needed to investigate reliability. Kumho Tire, 526 U.S. at 141-42, 152. That said,

"the existence of sufficient facts and a reliable methodology is in all instances mandatory." Hathaway, 507 F.3d at 318.

Defendant claims that the expert reports submitted by Messrs. Gurtler and Rickett do not satisfy the requirements of Federal Rule of Evidence 702 because: (i) the reports are not based on sufficient facts or data to support their conclusions and (ii) there is no reliable methodology used in the reports. [ECF No. 27]. Defendant urges the Court to exercise its gatekeeping role and bar Plaintiffs' experts from testifying at trial. Id. at 9.

Plaintiffs counter generally that their experts' reports comply with the requirements of Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and with the teachings of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). [ECF No. 33]. Plaintiffs further argue that the methodology employed by their experts: (i) is clear in the reports; (ii) is explained in the affidavit of Mr. Gurtler, [ECF No. 32-1]; and (iii) was recently found sufficient in a similar challenge in the Eastern District of Louisiana. [ECF No. 33] at 14-16 (citing 2715 Marietta, LLC v. Axis Surplus Ins. Co., CV 22-3292, 2024 WL 278918 (E.D. La. Jan. 25, 2024)). Plaintiffs also point out that, despite being offered multiple deposition dates, defense counsel opted not to depose the experts. [ECF No. 33] at 11;

5

[ECF No. 33-10]. Plaintiffs urge "that the Court should not exclude this testimony without Mr. Gurtler and Mr. Rickett having had the opportunity to offer testimony in the first place." [ECF No. 33] at 12.

Having studied the briefs and expert reports, the Court is not inclined at this time to bar Plaintiffs' experts from testifying at trial without the benefit of deposition testimony from the experts. The Court recognizes that discovery has closed in this case. However, from a trial management and efficiency perspective, the Court finds that there is good cause for permitting a pretrial deposition of Plaintiffs' experts to be conducted to avoid, if possible, a lengthy gatekeeping hearing of the experts at trial outside the presence of the jury. As Defendant correctly notes, a party is not obligated to depose an opposing party's expert. [ECF No. 36] at 2, n.2 (citing State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc., No. 3:16-CV-2255-L, 2019 WL 1436659, at *25 (N.D. Tex. Mar. 31, 2019), on reconsideration in part, No. 3:16-CV-2255-L, 2023 WL 8606773 (N.D. Tex. Dec. 12, 2023); see also Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person … .") (emphasis added). However, trial courts are empowered to control their dockets to ensure that cases proceed in a timely and orderly fashion. Hernandez v. Mario's Auto Sales, Inc.,

617, F. Supp. 2d 488, 493 (S.D. Tex. Jan. 21, 2009) (citing United States v. Waldman, 579 F.2d 649, 653 (1st Cir. 1978). The Court believes that the trial of this matter will proceed in a more orderly and efficient manner if questions regarding Plaintiffs' experts are investigated and resolved prior to, rather than during, the trial of this matter.  The Court will therefore permit Defendant to conduct and complete a deposition of each of Plaintiffs' experts no later than fourteen (14) days from the date of this Memorandum Opinion and Order.  If Defendant opts to depose Plaintiffs' experts, Defendant will be permitted to re-urge its objections to the testimony of Plaintiffs' experts by means of a motion in limine filed with the Clerk of Court no later than ten (10) days from the date upon which the final expert deposition is concluded.  Plaintiffs will have ten (10) days from the filing of Defendant's motion to file a response.

II.
MOTION FOR SUMMARY JUDGMENT

A. Summary Judgment Standard

Summary judgment is appropriate, pursuant to Rule 56 of the Federal Rules of Civil Procedure, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue of material fact is genuine if a

reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A party cannot defeat a properly-supported summary judgment motion by directing the Court to conclusory allegations or presenting only a scintilla of evidence. Lincoln v. Scott, 887 F.3d 190, 195 (5th Cir. 2018).

The evidence must be reviewed in a light most favorable to the nonmoving party. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018); Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P., 627 F.3d 134, 138 (5th Cir. 2010). The Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018). Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

B. Roof Claim

As to the roof claim, Defendant recognizes that the outcome of its Motion for Summary Judgment [ECF No. 28] depends, at least in part, upon the Court's ruling on Defendant's Motion to

Strike. [ECF No. 26]. In Defendant's words: "The plaintiffs' sole proof on their roof claim relies on the proposed testimony of Mr. Gurtler and Mr. Rickett. If Mr. Gurtler and Mr. Rickett are excluded, then State Farm is entitled to summary judgment on the plaintiffs' roof claim." [ECF No. 29] at 1. Having decided to deny Defendant's motion to strike the trial testimony of Plaintiffs' roof experts, Defendant's motion for summary judgment on Plaintiffs' roof claim also must be denied.

The Court notes that, in support of their opposition to summary judgment, Plaintiffs not only offered the reports from Gurtler Bros. Consultants, Inc., and Mr. Gurtler's affidavit, but also submitted Aurelia Montalvo's deposition testimony, the pre-Hurricane Ida Home Inspection Report from Gibson Home Inspections, LLC ("Gibson"), an estimate of costs from Property Damage Consultants, LLC, and other related items. [ECF No. 34], [ECF Nos. 34-1 to 34-10]. The expert reports and Plaintiffs' additional evidence sufficiently show a genuine dispute as to material facts regarding the extent of damage to the roof from Hurricane Ida and the extent of Defendant's responsibility to its insureds under the policy. Summary judgment is denied as to the roof claim.

C. <u>Window Claim</u>

    Defendants also argue that Plaintiffs have no proof, expert or otherwise, to support their $17,540.08 claim for the replacement of eleven (11) exterior windows.  Plaintiffs designated no "window expert" to counter the opinion of Defendant's expert that years of rot – rather than a single storm event - damaged the windows.  [ECF No. 29] at 2-6.  Defendant maintains that Plaintiffs replaced the windows before reporting their insurance claim and before Defendant's adjuster performed his on-site inspection  <u>Id.</u> at 2.

    Plaintiffs argue that summary judgment should not be granted because material facts are in dispute; namely, "whether the windows needed to be replaced as a result of Hurricane Ida." [ECF No. 35] at 10.  Plaintiffs point to the pre-Hurricane Ida inspection report of Gibson, [ECF No. 34-3], which makes no mention of historic water damage and found the windows to be in "satisfactory" condition without evidence of leaks or water damage.  [ECF No. 35] at 10.  According to Plaintiffs, Gibson inspected all walls and ceilings throughout the interior of the Montalvo home and found no evidence of water intrusion.  <u>Id.</u> In her deposition, Mrs. Montalvo testified that (i) after Hurricane Ida, Plaintiffs removed and replaced windows where water intrusion was noted, and (ii) when the windows were

10

removed, they found water stains around them.  [ECF No. 34-2] at 44-46.  Plaintiff Hector Montalvo testified that he met on site with Defendant's adjuster and discussed window damage and leakage prior to Plaintiffs' replacement of the windows.  [ECF No. 28-2] at 6-9.  The Court also notes that Plaintiffs' expert, Michael Gurtler, stated in the affidavit that Plaintiffs submitted in opposition to summary judgment:

> …
>
> 10. The client was also able to provide information regarding when damages were identified – specifically that the damages were only noticed after Hurricane Ida; …
>
> 14. The images and assessments made in the Gibson Report show the home and specifically the roof were in Satisfactory condition on June 9, 2020 with no damage noted;
>
> 15. The Gibson Report contained photographs and descriptions of the condition of the exterior/interior of the home;
>
> 16. The Gibson Report noted there were no water intrusion/staining in the ceilings or walls of the interior of the residence; …
>
> 26. When combined with Mr. and Mrs. Montalvo reporting no evidence of water damage between June 9, 2020 and August 29, 2021 when Hurricane Ida hit Mississippi and the Gibson Home Inspections LLC Report, it was clear within a reasonable degree of professional probability that the roof damage and resulting water damage was caused by Hurricane Ida; … .

Gurtler affidavit, [ECF No 34-1] at 2-3.  Viewing the evidence

in a light most favorable to Plaintiffs, Vann, 884 F.3d at 309, and without encroaching on the jury's functions of assessing credibility and weighing the evidence, Anderson, 477 U.S. at 255, the Court finds summary judgment on the window claim to be inappropriate at this time.

Accordingly,

IT IS HEREBY ORDERED that Defendant State Farm Fire and Casualty Company's Motion to Strike or Prohibit the Testimony of Plaintiffs' Experts, Michael K.A. Gurtler and Joseph Rickett [ECF No. 26] is DENIED without prejudice;

IT IS FURTHER ORDERED that, notwithstanding the expiration of the discovery deadline, Defendant may depose Plaintiffs' experts, Michael K.A. Gurtler and Joseph Rickett, on the matters raised in the experts' opinions, [ECF Nos. 26-2, 26-3], and in Defendant's Motion to Strike, [ECF No. 26].  The expert deposition(s) are optional – not mandatory – and must be concluded within 14 days of the date of this Memorandum Opinion and Order; and

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No. 28] is DENIED.

SO ORDERED this 8th day of July 2024.

                                             /s/   David Bramlette
                                      UNITED STATES DISTRICT COURT JUDGE